UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| MICHAEL JOHNSON, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*<br><br>v.<br><br>IMMACULATE HOME HEALTHCARE AGENCY LLC,<br><br>*Defendant.* | Case No. _____<br>CLASS/COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b) and FED. R. CIV. P. 23 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL JOHNSON ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, IMMACULATE HOME HEALTHCARE AGENCY LLC, ("Defendant"), to recover from Defendant overtime pay as required by Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law, and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's Pennsylvania Minimum Wage Act ("PMWA") and Pennsylvania Wage Payment and Collection Law ("PWPCL") claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's PMWA and PWPCL claims form a part of the same or controversy and arise out of a common nucleus of operative facts as the FLSA claim.

4. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendant resides and regularly conducts business in this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff was, and continues to be, a resident of Montgomery County, Pennsylvania.

6. At all times material hereto, Defendant was, and continues to be, engaged in business in Pennsylvania, with its principal place of business in Bucks County, Pennsylvania.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, the PMWA, and PWPCL.

8. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA, the PMWA, and PWPCL.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of the FLSA, and the PMWA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material hereto, upon information and belief, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as telephones, paper, office supplies, and computers, which were used directly in furtherance of Defendant's business.

12. At all times material hereto, Plaintiff was individually covered by the FLSA and PMWA as a domestic service worker contracted by a third party agency (Defendant).

13. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

14. Defendant hired Plaintiff as a caregiver for Defendant's business on or about June 1, 2016. Plaintiff worked in this capacity until on or about March 17, 2022.

15. At all times during his employment, Defendant compensated Plaintiff on an hourly basis.

16. Plaintiff routinely worked in excess of forty (40) hours each week. In fact, Plaintiff was generally required to work 126 hours each week.

17. Defendant's website states: "services provided around the clock, 7 days a week"[1].

---

[1] http://immaculatecare.org/ihha-immaculate-healthcare/

18. Despite working numerous overtime hours for Defendant, and turning those hours in, from 2016 through at least March 17, 2022, Plaintiff was never paid overtime premiums for his first 80 hours in each workweek, and generally was not paid overtime premiums for his first 93 hours in each workweek.

19. Defendant paid the hours between 40 and 80 or 90 at Plaintiff's regular rate, with no overtime premiums.

20. From at least June 2016 through at least March 2022, Defendant failed and/or refused to properly compensate Plaintiff, at a rate one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a single workweek.

21. During the applicable limitations period, from the date three years prior to the date this complaint was filed, through at least March 2022, Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours that he worked in excess of forty (40) hours in a workweek, as required by the FLSA and PMWA.

22. Upon information and belief, including based on Plaintiff's own experience, Defendant's other employees who worked as caregivers also were not paid overtime for hours over forty (40) in a workweek.

23. When Plaintiff complained about not being paid overtime for all hours over 40, he was told that this was the company's policy, and that the important thing was that his hours add up to 126 hours each week.

24. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendant.

25. Defendant made no provisions to pay Plaintiff, or other employees who were subject to the same policies described above, owed overtime premiums for all hours over forty (40).

26. Defendant paid Plaintiff overtime premiums for all hours over 93 in a workweek.

27. Defendant's violations of the FLSA and PMWA were willful, as Defendant knew, or with reasonable diligence should have known, that Plaintiff and those similarly situated were working overtime hours, and that overtime premiums were due to Plaintiff and those similarly situated for all hours over forty. This is especially true because Plaintiff specifically complained about not being paid proper overtime, and Defendant paid overtime for some hours each week, showing its understanding that caregivers were eligible for, and entitled to, overtime.

28. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## Collective Action Allegations

29. Plaintiff re-alleges and reavers paragraphs 1 through 28 of the Complaint, as if fully set forth herein.

30. Upon information and belief, numerous individuals were victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA. Defendant's website advertises a team of CNA's, home health aids, homemakers and companions.

31. Defendant's website also lists 29 counties in Pennsylvania to which Defendant provided services.

32. Based on his experiences and tenure with Defendant, as well as Defendant's admission that it does not pay overtime for all hours over 40, Johnson understands and believes that Defendant's illegal practices were imposed on the FLSA Collective.

33. The FLSA Collective members were not paid their full overtime premiums for all overtime hours worked.

34. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Johnson in terms of the pay provisions and employment practices at issue in this lawsuit.

35. The employees in the FLSA Collective were similarly situated within the meaning of the FLSA.

36. Any differences in job duties do not detract from the fact that these FLSA non-exempt employees were entitled to overtime pay.

37. Defendant's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

38. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### Class Action Allegations—Pennsylvania Law

39. Plaintiff re-alleges and reavers paragraphs 1 through 28, 30, and 31 of the Complaint, as if fully set forth herein. The illegal practices Defendant imposed on Johnson were likewise imposed on the Pennsylvania Class members.

40. Upon information and belief, including based on information available on Defendant's website, numerous other individuals who worked for Defendant were not properly compensated for all hours worked, as required by Pennsylvania law.

41. Upon information and belief, the Pennsylvania Class is so numerous that joinder of all members of the class is impracticable.

42. Defendant imposed uniform practices and policies on Johnson and the Pennsylvania Class members regardless of any individualized factors.

43. Based on his experience and tenure with Defendant, Johnson understands and believes that Defendant's illegal practices were imposed on the Pennsylvania Class members.

44. Pennsylvania Class members were all not paid proper overtime when they worked in excess of 40 hours in a workweek.

45. Defendant's failure to pay wages and overtime compensation in accordance with Pennsylvania law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Pennsylvania Class Members.

46. Defendant's failure to pay contractually agreed wages and overtime compensation results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Pennsylvania Class Members.

47. Johnson's experiences are therefore typical of the experiences of the Pennsylvania Class members.

48. Johnson has no interest contrary to, or in conflict with, the members of the Pennsylvania Class. Like each member of the proposed class, Johnson has an interest in obtaining the unpaid wages and other damages owed under the law.

49. A class action, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

50. Absent this action, many Pennsylvania Class members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating Pennsylvania law.

51. Furthermore, even if some of the Pennsylvania Class members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

52. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

53. The questions of law and fact common to each of the Pennsylvania Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the Pennsylvania Class members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek; and
   b. Whether Defendant's failure to pay overtime at the rates required by law violated the PMWA.

54. Johnson's claims are typical of the Pennsylvania Class members. Johnson and the Pennsylvania Class members have all sustained damages arising out of Defendant's illegal and uniform employment policies.

55. Johnson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

56. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

## COUNT I
## CLAIM FOR OVERTIME UNDER THE PMWA

57. Plaintiff incorporates by reference Paragraphs 1-28, above, as if fully set forth herein.

58. Defendant is an employer covered by the PMWA.

59. Pursuant to the PMWA, employees who are not exempt from the overtime provisions of the law are entitled to compensation at the rate of one and one-half times their regular rate for all hours worked over 40 in any workweek. See 43 P.S. § 333.104.

60. Plaintiff, and the class he seeks to represent, were not exempt, because they were paid on an hourly basis, rendering them non-exempt, and ineligible, as a group, for any exemption Defendant might claim.

61. Plaintiff and the class he seeks to represent were subject to common pay policies, pursuant to which their rights to be paid proper overtime premiums, and for all hours worked in weeks in which they worked overtime hours, were violated.

62. Defendant failed to pay all hours worked, and failed to pay overtime premiums as required by law to Plaintiff and all other individuals who, within three years from the date the initial Complaint in this matter was filed: **(1) were paid an hourly rate (2) were not paid overtime premiums for all hours worked over 40 hours in a workweek, and (3) worked over forty hours in one or more workweeks while subject to the preceding two conditions**.

63. The PMWA provides that any employer who violates the provisions of Section 207 of the law shall be liable to the employee affected in the amount of his unpaid overtime compensation, together with costs and such reasonable attorney's fees incurred. See 43 P.S. § 333.113.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

64. Plaintiff incorporates by reference Paragraphs 1-28, above, as if fully set forth herein.

65. Throughout his employment, Plaintiff worked in excess of forty (40) hours in many workweeks.

66. Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours in excess of forty (40) worked in each workweek.

67. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

68. Those similarly situated to Plaintiff also were not paid overtime premiums for hours over forty in a workweek.

69. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and the putative collective, at the statutory rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week when it knew, or reasonably should have known, that such was, and is, due.

70. Defendant failed to properly disclose or apprise Plaintiff, and putative class of similarly situated persons, of their rights under the FLSA.

71. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and putative class of similarly situated persons, suffered and continue to suffer damages and lost

compensation for time worked over forty (40) hours in multiple workweeks, as well as full payment for regular wages in weeks in which overtime is owed, plus liquidated damages.

72. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT III
## PWPCL

73. Plaintiff incorporates by reference Paragraphs 1-28, above, as if fully set forth herein.

74. At all times relevant to this Complaint, Defendant was responsible for payment wages and benefits to Plaintiff and those employees he seeks to represent.

75. At all times relevant to this Complaint, Plaintiff and those employees he seeks to represent were employed with Defendant as "employees" within the meaning of the PWPCL.

76. Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee promised employment benefits.

77. The PWPCL also requires that all wages, including but not limited to overtime wages, be paid in the next succeeding pay period. PWPCL, 43 P.S. §260.3.

78. Defendant has failed to pay Plaintiff and those employees he seeks to represent all of their overtime wages within the statutory time period. As such, Defendant has violated the provisions of the PWPCL, 43 P.S. §260.1, et seq.

79. Defendant's conduct in failing to pay Plaintiff and those employees he seeks to represent in accordance with Pennsylvania law was intentional and willful and not based upon any reasonable interpretation of the law.

80.     Defendant's failure to pay Plaintiff and those employees he seeks to represent in accordance with the PWPCL was not in good faith.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Johnson on behalf of himself and other members of the class/collective, seek the following relief:

A. An Order certifying the matter as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b), allowing the collective members 60 days to assert FLSA claims in this Action by filing Consents to Join the Action pursuant to 29 U.S.C. § 216(b);

B. An Order requiring Defendant to provide contact information for members of the class/collective sufficient to send the notice described in paragraph A., above.

C. finding Defendant liable to Plaintiff and those similarly situated for unpaid wages under Section 16(b) of the FLSA and the PMWA, as well as for liquidated damages equal in amount to their unpaid compensation under the FLSA;

D. designating a class under the PMWA and PWPCL pursuant to Fed. R. Civ. P. 23;

E. appointing Plaintiff as the Lead Plaintiff and his counsel as Class Counsel to represent the interests of the both the FLSA and PMWA class/collective actions;

F. An Order awarding unpaid overtime wages;

G. An Order awarding Prejudgment interest to the extent not duplicative of liquidated damages awarded;

H. An Order awarding liquidated damages and penalties under the FLSA and PWPCL;

I. An Order awarding litigation costs, expenses, and attorney's fees; and

J. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 13th day of May 2022.

                                              Respectfully submitted,

                                              Angeli Murthy, Esq.
                                              PA Bar No.: 93699
                                              **MORGAN & MORGAN, P.A.**
                                              8151 Peters Road, Suite 4000
                                              Plantation, FL 33324
                                              Phone: (954) 327-5369
                                              Fax: 954-327-3016
                                              E-mail: amurthy@forthepeople.com
                                              *Trial Counsel for Plaintiff*